Nash, C. J.
 

 The writ of
 
 certiorari
 
 is used in this State
 
 *43
 
 mostly as a substitute for an appeal; and when a case is so brought up to a higher tribunal, the trial is
 
 de novo.
 
 There are very few cases in which a party, dissatisfied with the judgment of an inferior Court, may not appeal to a higher one, and thereby entitle himself to have his cause heard again; and when the right of appeal is not given, the writ is used as, or in the place of, a writ of error, to reverse and correct errors of law only. The cases cited by the plaintiff’s counsel show that the principles governing the writ of certiorari have often been discussed in this Court, and we had hoped set forth so plainly, that no mistake could exist on the subject. We cannot state those principles more plainly than we have done, and therefore will not enter upon a discussion of the reasons upon which they are founded, but content ourselves with simply again stating them. Where the proceedings of an inferior tribunal are not according to the course of the common law, a party, conceiving himself-aggrieved by its decision or judgment, is entitled
 
 ex debito
 
 justitice, to a writ of certiorari to remove them to a higher tribunal for revision, in a matter of law, as in other cases, on a writ of error. Where, by the law of the Siate, a parly litigant in an inferior tribunal is entitled to an appeal, and this right is denied him, or he is deprived of it by fraud or accident, or inability at the time to comply with the requirements of the law, lie' may have a writ of
 
 certiorari
 
 to obtain a revision of his case in a Superior Court.
 

 In this case, the petitioner was entitled on the trial in the County Court to an appeal from its judgment; a right, of which he’was deprived by his own showing, by no default of the Court, nor by any fraud, of which in this case he has a right to complain, accident, or inability to comply with the conditions of an appeal. If he is injured, it is his own fault or negligence. He was the endorser in Bank for a Mr. Latta. Living at some short distance from the town of Fayetteville, where the notes were to be renewed, he furnished his principal with blank notes. "Latta, instead of appropriating the notes to the purpose for which they were intended, transferred the one now in dispute to a creditor of his in New York, the defendant in this proceeding, who brought an action upon it when at maturity against both the maker and the endorser. Upon the writ being served upon him, the petitioner had
 
 *44
 
 an interview witli Latta, complaining of Ills conduct., and informed him of liis intention to employ counsel to defend him, “ when Latta assured him he had employed counsel, and that a proper defence should ho made.” The petitioner, according to his own statement, took no further steps in the case, but Rusted his interest to the care of his co-defendant, who, upon the trial, withdrew his plea and gave the plaintiffs a judgment. Other facts and circumstances are stated in the petition, which are not adverted to, because they do not touch the point upon which the application for the writ is refused. We refuse it, because a proper case for its use is not stated. The case below is one where an appeal lay at the instance of either party; no appeal was asked for; the defendant trusted his interest to an unfaithful agent, and who must have known that he had been unfaithful in that particular transaction, and grossly so. Having lost his right of appeal by his own negligence, in not attending to his own business, he has no right to ask the Court for its aid through a writ of certiorari. A petition for such a writ must set forth two things: first, a good de-fence existing at the time .when he ought to have pleaded; and secondly, a good excuse for his laches in not pleading or not appealing. 8 Ire. 451.
 
 Kelsey & Brigmnn
 
 v.
 
 Jervis, 4. Dev. &
 
 Bat. 465.
 
 Betts
 
 v.
 
 Franklin,
 
 13 Ire. 373.
 
 Stale
 
 v.
 
 Bill.
 
 The judgment of the Court below is affirmed.
 

 Peu Curiam. Judgment affirmed.